## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

KEVIN LA'VON GILES,

        *Plaintiff,*

v.

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
JOHN DOE, and DANA NESSEL,

        *Defendants.*

_____/

Case No. 1:24-cv-10136

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

### II.    REPORT

#### A. INTRODUCTION

Plaintiff filed the instant pro se complaint on January 17, 2024.  (ECF No. 1).  Plaintiff alleges generally that his constitutional rights were violated when a Child Protective Services worker came to his home on April 21, 2021, and fabricated incriminating statements regarding the sex trafficking of minor victims.  (*Id.* at

1

PageID.16).  Plaintiff contends that these false statements formed the basis for his criminal prosecution and that such statements amount to defamation of his character. (*Id.* at PageID.17).  Plaintiff seeks "declaratory and injunctive relief actual damages of 250 million dollars." (*Id.* at PageID.8).  I note that Plaintiff is a criminal defendant in a currently ongoing case charging him with sex trafficking of children.  *See* E.D. Mich. Case No. 21-CR-20398.

### B.    LEGAL STANDARD

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B).  Since 1892, federal courts have possessed statutory power to permit civil actions IFP.  *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding

IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1]   A complaint is also frivolous and can be dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as

---

[1] The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable question of law but still fail to state a claim. *Id.*  When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim.  28 U.S.C. § 1915(d). That amendment came in 1996.  *See* Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

3

frivolous and for lack of subject matter jurisdiction."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### C.    ANALYSIS

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).  A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint.  *Id*. at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).  Importantly, liability under § 1983 must be based on more than a theory of respondeat superior.  *Monell v. Dep't of Social Svcs*., 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Plaintiff fails to include any allegations as to Defendant John Doe, supervisor, or Dana Nessel. Aside from listing these Defendants in the caption, they are not mentioned anywhere else in the complaint. (*See generally* ECF No. 1). Because Plaintiff's complaint does not allege any personal involvement by these Defendants, the undersigned recommends they be dismissed from the action. *See Cox v. Dotson*, No. 10-14561, 2012 WL 32715, at *1 (E.D. Mich. Jan. 6, 2012); *Hill v. Whitmer*, No. 20-cv-13440, 2023 WL 196964, at *3 (E.D Mich. Jan. 17, 2023) (adopting magistrate judge's report and recommendation to dismiss a defendant due to plaintiff's "failure to plead personal involvement"); *Davis v. Straub*, No. 10-14397, 2011 WL 2415357, at *1 (E.D. Mich. June 13, 2011).

John Doe C.P.S. worker is a social worker who Plaintiff alleges attributed statements made by him that were not true. Plaintiff further alleges that these false statements were the basis for the charges being filed against him. Even if Plaintiff were able to identify this social worker, said individual would also be entitled to dismissal. "'[S]ocial workers who initiate judicial proceedings against those suspected of child abuse or neglect perform a prosecutorial duty and so are entitled absolute immunity.'" *Rippy ex el Rippy v. Hattaway*, 270 F.3d 416, 421 (6th Cir. 2001) (quoting *Achterhof v. Selvaggio*, 886 F.2d 826, 830 (6th Cir. 1989)). "The analytical key to prosecutorial immunity, therefore, is *advocacy*–whether the actions in question are those of an advocate. By analogy, social workers are absolutely

immune only when they are acting in their capacity as *legal advocates*– initiating court actions or testifying under oath–not when they are performing administrative, investigative, or other functions." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (internal cites omitted); *accord Reguli v. Guffee*, 371 Fed. App'x 590, 599 (6th Cir. 2010).  Thus, all activities having to do with the court's decisions taken as a result of the Defendant John Doe social worker's actions as an advocate for CPS or DHS are entitled to absolute immunity.  Here, Plaintiff's complaint alleges that the social worker's actions caused criminal proceedings to be initiated against him. Therefore, this John Doe social worker is entitled to absolute immunity.

In addition, I note that even if Plaintiff had alleged a defamation claim against the John Doe social worker, social workers enjoy absolute immunity under Michigan law and thus would enjoy absolute immunity from any state law claims, e.g., defamation. *Martin v. Children's Aid Soc'y*, 215 Mich. App. 88, 97 (1996).

As to the Michigan Department of Health and Human Services, it is a state agency entitled to Eleventh Amendment immunity. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits against state agencies and state officials sued in their official capacity unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth

Amendment to override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (internal citation omitted).  Therefore, the Michigan Department of Health and Human Services is immune from suit and should be dismissed. *Harnden v. Mich. Dep't of Health and Human Servs.*, 2017 WL 3224969, at *2 (E.D. Mich. July 31, 2017).

As to Defendant Attorney General Dana Nessel, in addition to being dismissed for failure to allege any personal involvement, she is also entitled to dismissal of any official capacity claims because a claim against a government officer in his or her official capacity is in effect the same as stating a claim against the entity the official represents.  *Will*, 491 U.S. at 71 (1989); *see also Owens v. Osbourne*, No. 07-CV-13585, 2009 WL 1508424, at *5 (E.D. Mich. May 29, 2009).

Therefore, any official capacity claims for monetary damages are barred by the Eleventh Amendment and should be dismissed. Although Plaintiff seeks other relief, such as, declaratory relief and injunctive relief, he does not indicate what any defendant should be enjoined from doing. Therefore, he does not actually seek injunctive relief or other cognizable forms of relief that could proceed. *Compare Ex parte Young*, 209 U.S. 123, 148 (1908) (holding that the Eleventh Amendment does not prohibit suits against states for injunctive relief); *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997) ("It is well established that § 1983 does not abrogate the Eleventh Amendment and that Michigan has not consented to

7

the filing of civil rights suits against it in federal court.").  Accordingly, I recommend that the official capacity claims be dismissed in their entirety.

I further note that this action would seek to at least undermine decisions made in the pending federal criminal case and thus, even if the court were to find Plaintiff has stated a claim, the Court should abstain from exercising jurisdiction in this case. *McChester v. Davis*, 2021 WL 4315808, at *2 (E.D. Mich. Sept. 22, 2021) ("a similar rule of restraint [should] apply where a federal pretrial detainee raises claims which challenge ongoing federal criminal proceedings" as it would if Plaintiff were challenging ongoing state criminal proceedings).

For all the reasons stated above, I recommend the Complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted.

## III.   CONCLUSION

For these reasons, I recommend that the Court **DISMISS** Plaintiff's complaint.

## IV.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. §

8

636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 24, 2024

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

9