UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN LA'VON GILES,

                Plaintiff,                         Case No. 1:24-cv-10136

v.                                         Honorable Thomas L. Ludington
                                            United States District Judge

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES, et al.,

                                         Honorable Patricia T. Morris
             Defendants.                 United States Magistrate Judge

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, *SUA SPONTE* DISMISSING CASE, AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AS MOOT**

In February 2022, a federal grand jury in the Eastern District of Michigan returned a superseding indictment against Plaintiff Kevin La'von Giles charging him with two counts of sex trafficking of children, 18 U.S.C. § 1591(a); sex trafficking by force, fraud, or coercion, 18 U.S.C. § 1591(a); commission of a felony involving a minor by a registered sex offender, 18 U.S.C. § 2260A; and criminal forfeiture, 18 U.S.C. § 1594(d). His criminal trial is scheduled to begin in the Southern Division in July 2024.

In January 2024, however, Plaintiff initiated the above-captioned civil case in the Northern Division by filing a *pro se* complaint against the Michigan Attorney General, the Michigan Department of Health and Human Services, an unknown Michigan Child Protective Services (CPS) supervisor, and an unknown CPS worker for depriving him of his Eight and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

Magistrate Judge Patricia T. Morris screened Plaintiff's Complaint according to the Prison Litigation Reform Act and recommended this Court dismiss Plaintiff's Complaint for frivolity and

failure to state a claim. Currently before this Court are Plaintiff's three objections to Judge Morris's Report, which, for reasons discussed below, will be overruled. Accordingly, Judge Morris's Report and Recommendation will be adopted, Plaintiff's Complaint will be dismissed, and Plaintiff's pending Motion to Appoint Civil Counsel will be denied as moot.

## I.

Plaintiff Kevin La'von Giles—a registered sex offender—is awaiting trial on criminal charges of sex trafficking of children, sex trafficking by force, fraud, or coercion, and commission of a felony offense involving a minor by a registered sex offender. *See United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF No. 60. His *criminal* trial is scheduled to begin in the Southern Division in July 2024. *Id.* ECF No. 188.

On January 17, 2024, Giles, proceeding *pro se*, filed this *civil* Complaint against Defendants Michigan Attorney General Dana Nessel, Michigan Department of Health and Human Services, and two unknown Child Protective Services (CPS) employees (a "worker" and a "supervisor") asserting 42 U.S.C. § 1983 claims for deprivations of his Eighth and Fourteenth Amendment rights. ECF No. 1. Plaintiff generally alleges that CPS employees visited his home on April 21, 2021 and fabricated incriminating statements that Plaintiff engaged in the sex trafficking of minors, which led to the charges in Plaintiff's criminal case. *Id.* at PageID.16–17. Plaintiff seeks "[d]eclaratory relief and injunctive relief [and] actual damages of 250 million dollars." *Id.* at PageID.8.

On January 22, 2024, all pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 5. The next day, Judge Morris granted Plaintiff's application to proceed *in forma pauperis* (IFP), ECF No. 2. ECF No. 6. On January 24, 2024, Judge Morris issued a report (R&R) recommending this Court dismiss Plaintiff's Complaint for frivolity under the Prison Litigation

Reform Act's (PLRA) screening requirements, *see* 28 U.S.C. § 1915, because (1) Plaintiff's

Complaint lacked any allegations against Michigan Attorney General Dana Nessel and the CPS

*supervisor*, ECF No. 7 at PageID.32; (2) the CPS *worker* who Plaintiff alleges made fabricated

statements forming the basis of his criminal charges is entitled to absolute immunity, *id.* at

PageID.32–33; (3) the Michigan Department of Health and Human Services is entitled to

sovereign immunity under the Eleventh Amendment, *id.* at PageID.33–34; (4) the Michigan

Attorney General is entitled to immunity in her official capacity, *id.* at PageID.34; and (5)

Plaintiff's request for declaratory and injunctive relief is non-cognizable. *Id.* at PageID.34–35.

Judge Morris also suggested that Plaintiff's Complaint "seek[s] to undermine decisions

made in the pending federal criminal case" and thus, even if Plaintiff stated a claim, "this Court

should abstain from exercising jurisdiction[.]" *Id.* at PageID.35.

On February 3, 2024, Plaintiff sent this Court his Motion to Respond to the R&R, which

was received by this court 10 days later and contained three objections. ECF No. 9.

## II.

## A.

Under Civil Rule 72, a party may object to and seek review of a magistrate judge's report

and recommendation. *See* FED. R. CIV. P. 72(b)(2). The parties must state any objections with

specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Any objection which fails to identify specific portions of the R&R will not be reviewed. *See*

*Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection

to the entirety of the magistrate's report has the same effects as would a failure to object. The

district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327

F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court

to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Additionally, parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court is free to accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

**B.**

As Plaintiff proceeds *in forma pauperis*, his Complaint is subject to screening requirements established by the PLRA. 28 U.S.C. § 1914(e)(2)(B). Importantly, the PLRA's screening requirement applies equally to both prisoner and non-prisoner plaintiffs. *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7145652, at *1 (E.D. Mich. Sept. 26, 2022), *report and recommendation adopted*, No. 1:22-CV-12049, 2022 WL 7055158 (E.D. Mich. Oct. 12, 2022). Under the PLRA, district courts must screen prisoner and non-prisoner *in forma pauperis* complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

An *in forma pauperis* complaint is frivolous—and must be dismissed—if it lacks an arguable basis in law or fact. *Sears v. Washington*, 655 F. Supp. 3d 624, 626 (E.D. Mich. 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations. *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28).

And a complaint fails to state a claim upon which relief can be granted if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79. (2009). Plaintiff must assert "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Id.*; *see also Sears*, 655 F. Supp. 3d at 626. So, mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Sears*, 655 F. Supp. 3d at 626. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Sears*, 655 F. Supp. 3d at 626 (internal quotations and citations omitted). Further, to state a plausible civil rights claim under 42 U.S.C. § 1983, a complaint must allege that they were deprived of a constitutional or stature right by someone acting "under the color of state law." *See id.*; *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

**III.**

Plaintiff raised three objections to the R&R. ECF No. 9. Each objection will be addressed in turn.

**A.**

Plaintiff's first objection broadly states that the "CPS Supervisor['s] [j]ob is to look over all CPS workers to see to it that they are following Protocol and Rules and laws. [B]y the CPS not following protocol dealing with my case." ECF No. 9 at PageID.39–40. This objection will be overruled.

First, the objection does not identify a specific portion of the R&R Plaintiff argues is erroneous. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge.").

Second, even if this objection was sufficiently specific—plausibly challenging Judge Morris's conclusion that Plaintiff did not sufficiently plead the CPS *supervisors*' personal involvement to state a claim against them, ECF No. 7 at PageID.32—the objection still improperly "raises at the district court . . . new arguments or issues that were not presented" before Judge Morris issued her R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). After reviewing Plaintiff's Complaint, ECF No. 1, Judge Morris correctly concluded it lacked *any* allegation against the unknown CPS supervisor. Plaintiff's objection cannot fill-in the blanks of his deficient Complaint, reviewed for failure to state a claim throughout PLRA screening. *See* ECF No. 1; 28 U.S.C. § 1915(e)(2)(B) (requiring federal courts to *sua sponte* dismiss IFP complaints that are frivolous or fail to state a claim upon which relief can be granted).

Further still, even if Plaintiff's Complaint alleged the unknown CPS supervisor failed to ensure that CPS workers followed "protocol," "rules," and "laws," the Complaint would still be properly dismissed for frivolity. An IFP complaint is frivolous—and must be dismissed—if it lacks an arguable basis in law or fact. *Sears v. Washington*, 655 F. Supp. 3d 624, 626 (E.D. Mich. 2023)

(citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 325

(1989)). "The former occurs when 'indisputably meritless' legal theories underlie the complaint,

and the latter when it relies on 'fantastic or delusional' allegations. *Brand v. Motley*, 526 F.3d 921

(6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28). Plaintiff's allegations against the unknown

CPS supervisor—even if they were included in his Complaint—lack an arguable basis in law

because—even assuming they are true—they do not plausibly show a deprivation of Plaintiff's

Eight or Fourteenth Amendment rights. ECF No. 1 at PageID.4.

In sum, Plaintiff's first objection will be overruled because it does not specify an

objectionable portion of the R&R and raises new arguments that were not presented before the

R&R. Even if Plaintiff's first objection was proper—and his Complaint included the objection's

allegations against the CPS supervisor—the allegations lack an arguable basis in law and dismissal

would thus still be warranted under the PLRA.

**B.**

Plaintiff's second objection argues that:

> [The] CPS Worker made statements saying [the minor-victims in Plaintiff's criminal case] said this or that to her. There is no kid talk video, or forensic interview, or recording or witness to both interviews. Only the CPS hearsay words [s]aying she talk to them. Federal Rule of Evidence 807 Regarding the first step of the rules requirements the rule provides that the focus for trustworthiness is on circumstantial guarantees surrounding the making of the statement itself, as well as any independent evidence corroborating the statement and not on the credibility of the witness. Fed. R. Evid. 807, Advisory Committee's note[.] Here, the statements where the minor was questioned about potential abuse was made in [a] controlled environment by law enforcement and recorded. In my case there is no recorded no kid talk video, no forensic interview. I have ask for what minor victim mother or father that was there who witness[ed] this interview [but] I g[o]t no reply for [two-and-a-half] years. [The minor victims] have yet made a statement to F.B.I. or police. What make this CPS Worker word law, with evidence that she talk to them. I'm charge[d] with these two crimes based on [hearsay].

ECF No. 9 at PageID.40.

This objection will also be overruled because (1) it does not identify a specific, challenged portion of the R&R, *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); and (2) it presents a new allegation which was not raised in Plaintiff's Complaint reviewed by Judge Morris before issuing her R&R. *See generally* ECF No. 1; *see also Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Even if Plaintiff's objection was proper, it would be overruled because the Rules of Evidence do not apply to grand jury proceedings, such as the grand jury's decision to indict Plaintiff. *United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF No. 60. FED. R. EVID. 1101(d)(2) ('These rules . . . do not apply to . . .  grand-jury proceedings[.]").

## C.

In his third and final objection, Plaintiff argues:

[The] CPS Worker came to my house [during the] month of April 2021 [to] ask[] me questions about what happen[ed] in my house when [the minor victims] [were] living with me. I made it clear they [were] never selling sex inside of my house. I told [the CPS Worker] whatever [the minors] do outside of my house ha[s] nothing to do with me. They are 19 [years] of age. [The CPS Worker said] I said [the minor victims] never [sold] sex inside my house. Some lines down [the CPS Worker] made another statement saying I told her the [minors] [were] selling sex inside my house and outside. [The CPS Worker] knowingly, intentionally l[ied] under oath. I never told her I gave [the minor victims] drugs or drink. I told her the [minor victims] don't drink but I saw them take pills. [The] CPS worker is not entitled to absolute immunity [because] she knowingly intentionally lied under oath in her statements about me. She knowingly and intentionally violate[d] all Protocol procedures when doing minor victim interviews.

ECF No. 9 at PageID.41.

Although this objection specifically challenges Judge Morris's conclusion that the unknown CPS worker is entitled to absolute immunity from § 1983 damages,[1] it will be overruled for two reasons.

First, the objection largely repeats the "statement of facts" alleged in Plaintiff's Complaint, which was thoroughly reviewed by Judge Morris before concluding the CPS worker is absolutely immune and issuing her R&R. *Aldrich*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *compare* ECF No. 1 at PageID.16–17 (arguing the unknown CPS worker lied by reporting Plaintiff sexually trafficked minor victims inside his home) *with* ECF No. 9 at PageID.41 (arguing the unknown CPS worker "knowingly and intentionally lied under oath" when reporting that Plaintiff trafficked minor victims inside his home).

Second, to the extent the objection is non-repetitive, it does not explain why Judge Morris's immunity conclusion was erroneous. Nor could it. The alleged falsity of a social worker's statement is not relevant when assessing their absolute § 1983 immunity. As Judge Morris noted, the Sixth Circuit has repeatedly recognized that, to protect the health and well-being of children without fear of liability or retaliation, "social workers enjoy absolute immunity when acting in their capacity as legal advocates [by] initiating court proceedings, filing child-abuse complaints, and testifying under oath." *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015).

Here, the CPS worker directly reported the following to the FBI:

(a) On . . . April 21, 2021, the CPS worker spoke with MV-1, who said that she met [Plaintiff] at a club sometime in February 2021. [Plaintiff] told MV-1 that she and her infant son could come live at his home for free. A short time after she moved in with [Plaintiff], [he] attempted to have sex with MV-1. When

---

[1] In a separate section of the R&R, Judge Morris dismissed Plaintiff's request for injunctive and declaratory relief as non-cognizable. ECF No. 7 at PageID.34–35 (noting Plaintiff "d[id] not indicate what [D]efendants should be enjoined from doing").

MV-1 refused, [Plaintiff] told her she would have to start paying rent. In order to pay rent, MV-1 started engaging in commercial sex acts inside [Plaintiff's] residence. Initially, [Plaintiff] would take $20 of the proceeds from MV-1's commercial sex acts, but he eventually began taking all of MV-1's proceeds. On or about April 9, 2021, [Plaintiff] told MV-1 that she would have to pay more rent; when she refused, he kicked her out of his residence.

(b) On . . . April 20, 2021, the CPS worker interviewed MV-2, who stated . . . she had spent one night at [Plaintiff's] residence to attend her "fake birthday party" on or about April 16, 2021. While at the residence, MV-2 observed MV-1 and a "lot of girls" engaging in commercial sex acts. MV-2 also [saw] several security cameras at [Plaintiff's] residence, specifically in the living room, [Plaintiff's] bedroom, and outside the house. According to MV-2, [Plaintiff] used these cameras to watch customers or "Johns" engaging in commercial sex acts with MV-1 and others.

*United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF No. 1 at PageID.3–5.

And the FBI agent cited these statements in his affidavit in support of the criminal Complaint as forming probable cause to arrest Plaintiff. *Id.* The Government also alleges that the CPS worker went to Plaintiff's home on April 20, 2021, saw a pole in the living room, and sent a picture of it to the FBI. *United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF No. 50 at PageID.211. The CPS worker further reported that Plaintiff stated the minor victims "performed prostitution" in cars rather than in his home and that he initially thought the minors were 19. *Id.*

By reporting these statements to the FBI who, in turn, filed an affidavit in support of a criminal Complaint, the unknown CPS worker was acting as an advocate, outside a social worker's administrative or investigative functions. *See* ECF No. 1 at PageID.17 (arguing "[e]verything is base[d] on [the] CPS worker['s] statement"). Thus, the CPS worker is absolutely immune from § 1983 damages. *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000). "And this absolute immunity

holds, even under allegation that the [CPS] worker intentionally misrepresented facts," to the FBI. *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015).[2]

In sum, Plaintiff's third objection will be overruled because it largely "summarizes what has been presented before," *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) and because Judge Morris correctly concluded that the CPS worker would be entitled to absolute immunity from § 1983 damages. *See* ECF No. 7 at PageID.32–33.

## IV.

In addition to his objections to the R&R, Plaintiff also sent this Court a motion for appointed counsel.[3] ECF No. 8. Because all Plaintiff's objections will be overruled, Judge Morris's R&R will be adopted, and Plaintiff's Complaint will be dismissed, Plaintiff's Motion for Counsel will be denied as moot.

## V.

Accordingly, it is **ORDERED** that Plaintiff's Objections to Magistrate Judge Morris's Report and Recommendation, ECF No. 9, are **OVERRULED.**

---

[2] Notably, Plaintiff alleges that the CPS worker lied by reporting to the FBI that Plaintiff admitted to trafficking minors inside his house. ECF Nos. 1 at PageID.16–15; 9 at PageID.41. But this Court has not found any support for this allegation in the criminal record. Indeed, contrary to Plaintiff's allegation, it appears the CPS worker *did* report that Plaintiff *denied* trafficking minors inside his home and reported that Plaintiff insisted that the minor victims only "performed prostitution" in cars outside of his house. *See United States v. Giles*, No. 2:21-cr-20398 (E.D. Mich. Feb. 17, 2022), ECF No. 50 at PageID.211.

[3] Pro se plaintiffs have no constitutional right to counsel in civil proceedings. Under 28 U.S.C. § 1915(d), district courts have the *discretion* to appoint counsel for indigent civil litigants only if justified by "exceptional circumstances." *Boussum v. Washington*, 655 F. Supp. 3d 636, 640 (E.D. Mich. 2023) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) and *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Plaintiff's one-sentence Motion to Appoint Counsel provides no "exceptional circumstances" to justify a civil counsel appointment, even if the motion was not moot. *See* ECF No. 8 at PageID.37. Indeed, "appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when," as here, "a pro se litigant's claims are frivolous, or when the chances of success are extremely slim." *Lavado*, 992 F.2d 601, 606 (6th Cir. 1993).

- 12 -

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 7, is **ADOPTED**.

Further, it is **ORDERED** that the above-captioned case is *sua sponte* **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 8, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: April 5, 2024                                    s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge